NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARMENSITA RODRIGUEZ
BAILON; JORDAN ELIAS MARTIN
RODRIGUEZ, Jr.; DANA ESTEFANIA
MARTIN RODRIGUEZ,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-201

Agency Nos.
A208-778-557
A208-778-558
A208-778-559

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Petitioner Carmensita Rodriguez Bailon and her two minor children (collectively, Petitioners) petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of an immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review the agency's factual findings for substantial evidence, and we review legal questions de novo.  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

1.      Petitioners challenge the agency's denial of asylum and statutory withholding of removal based on its determination that Petitioners failed to establish the requisite nexus between any past harm or feared future harm and a protected ground.  The BIA affirmed the IJ's determination that Petitioners were victims of general criminal activity and that they failed to show a nexus between demands from extortionists for money and the proposed particular social groups.

Substantial evidence supports the denial of asylum and withholding of removal based on the IJ's finding, affirmed by the BIA, that Petitioners failed to establish any nexus between past harm or feared future harm and their proposed

---

[1] One of Rodriguez Bailon's children was included as a derivative beneficiary on her asylum application.  Both children filed their own applications for withholding of removal and CAT protection based on their mother's experiences in Guatemala.

particular social groups.[2]  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.

2010) ("An alien's desire to be free from harassment by criminals motivated by

theft or random violence by gang members bears no nexus to a protected

ground.").  As the BIA concluded, the lack of a nexus to a protected ground is fatal

to Petitioners' claims for asylum and statutory withholding of removal.[3]  *See*

*Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *Barajas-Romero v.*

*Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017) (explaining the motive standard

applicable to asylum and withholding of removal).

2.      Petitioners challenge the denial of CAT protection.  Because Petitioners did

not meaningfully challenge the denial of CAT protection in their appeal to the

BIA, they waived review of their arguments pertaining to that claim, and "fail[ed]

to exhaust remedies with respect to that question."[4]  *Vargas v. U.S. Dept. of*

---

[2] Because the BIA reached only the IJ's nexus determination, we do not consider Petitioners' other arguments.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

[3] The record supports the conclusion that extortionists who demanded money first from Rodriguez Bailon's husband and then, after he left, from her were motivated by money and not by her proposed social groups of female heads of household or female small business owners.  Rodriguez Bailon did not know the identity of the extortionists and she testified that male members of her family were similar extorted.

[4] Petitioners do not challenge the BIA's determination that they waived administrative review of their arguments regarding the denial of CAT protection. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

*Immigr. & Nat.*, 831 F.2d 906, 907–08 (9th Cir. 1987). Therefore, we decline to review Petitioners' claims related to the denial of CAT protection. *See* 8 U.S.C. § 1252(d)(1) (requiring the exhaustion of administrative remedies); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, claim-processing rule).

**PETITION DENIED.**